UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DUANE CARRIER**                           **CASE NO. 6:22-CV-02609**

**VERSUS**                                  **JUDGE TERRY A. DOUGHTY**

**R P M PIZZA BATON ROUGE L L C             MAGISTRATE JUDGE CAROL B.
ET AL**                                     **WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 6; 9). Defendant, RPM Pizza Baton Rouge, LLC opposed the Motion (Rec. Doc. 7). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion be denied.

### Factual Background

Plaintiff filed suit in state court on May 18, 2022 against RPM as the owner of a restaurant where he allegedly tripped and fell in the parking lot. (Rec. Doc. 1-1). Plaintiff alleged in his state court Petition that he sustained a knee injury requiring surgery. (Rec. Doc. 1-1, P. 4). On August 11, 2022, RPM removed the case to this Court based on diversity jurisdiction asserting that the amount in controversy

exceeded $75,000 based on Plaintiff's allegations of surgery as well as Plaintiff's submitted medical bills exceeding $50,000. (Rec. Doc. 1).

In response to RPM's removal, on August 26, 2022, Plaintiff filed the instant motion to remand and attached an August 24, 2022 stipulation that damages do not exceed $75,000. (Rec. Doc. 6-1). He therefore contends the jurisdictional amount for diversity jurisdiction is not satisfied such that the case should be remanded.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

Plaintiff did not challenge the parties' diversity, and the Court finds that diversity is satisfied. See Rec. Doc. 1. Rather, Plaintiff contends that the amount in controversy requirement is not satisfied, because he has stipulated that his damages

do not exceed $75,000. However, it is well settled that post-removal stipulations do not divest the court of diversity jurisdiction. The Fifth Circuit stated:

> [O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.

*Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (cleaned up).

In support of its removal, RPM relied on Plaintiff's Petition, which alleges that he suffered a knee injury requiring surgery. RPM also relied upon medical records showing that Plaintiff's medical damages alone totaled $50,000. Considering the alleged injury, the medical damages, and the general damages, which Plaintiff also seeks, the Court finds that RPM met its burden of establishing an amount in controversy exceeding $75,000 at the time of removal. Thus, Plaintiff's post-removal stipulation attempting to reduce the amount in controversy does not support remand. Accordingly, the Court finds that Plaintiff's Motion to Remand should be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of December, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE